```
       IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF KANSAS
```

**MAURICE ANTOINE NELLUM,**

          **Plaintiff,**

    v.                      CASE NO. 07-3215-SAC

**RICHARD KLINE, et al.,**

          **Defendants.**

<u>O R D E R</u>

This civil rights complaint, 42 U.S.C. 1983, was filed by an inmate of the Shawnee County Jail, Topeka, Kansas. Plaintiff has also filed a Motion for Leave to Proceed in forma pauperis (Doc. 2) and other pleadings. Plaintiff names as defendants Richard Kline, Director, Shawnee County Jail; Brian Cole, Deputy Director, Shawnee County Jail; State of Kansas; District Attorney's Office; Patrick McGowan; and Robert Hect (sic).

As one ground for his complaint, Mr. Nellum complains he is not being allowed to work as a trustee or participate in a work program, and claims he is "suffering discrimination." As another ground, plaintiff complains of his placement in "S-module" apparently in March or April, 2006, without a hearing, "under false accusations and discrimination," and claims "the administration" ignored a cover-up. Plaintiff generally alleges that defendants Kline and Cole have "permitted their staff" to harass him, that he has been treated differently "from others" and is "still suffering discrimination," and is "subject to inflammatory remarks". Finally, plaintiff alleges he was arrested on May 31, 2007, and held "past the 72 hr deadline" without charges being filed. He claims defendant Cole lied to him "about how and why." He further

alleges he was "brought to first appearance" on June 1, 2007, but charges were not filed until June 7, 2007, after he complained in a state habeas corpus action.

Mr. Nellum seeks damages for money "lost" apparently when he was removed from his jail work assignment in early 2006, and loss of home furnishings and personal items "as a result of his being confined in the county jail"; the "maximum allowed by law for discrimination lawsuit;" and "the maximum allotted monies per day for being illegally incarcerated." He also seeks "to be allowed work release and trustee." He additionally requests that the State be required to pay "all expenses pertaining to this lawsuit," and that the county jail be required "to pay for copies, notaries, and other related issues or articles." Finally, he asks the court to "instruct defendants" not to engage in any harassment, retaliation, or vindictive behavior against him for filing this lawsuit.

**IN FORMA PAUPERIS MOTION**

Plaintiff has filed a motion for leave to proceed in forma pauperis (Doc. 2) and an affidavit, but has not attached a certified copy of his Inmate Account Statement in support as statutorily mandated[1]. Plaintiff shall be given time to provide the certified copy of his account. If he does not provide this document in the time allotted, this action may be dismissed without further notice for failure to file documents required in support of

---

[1] 28 U.S.C. 1915(a)(2) pertinently provides: "A prisoner seeking to bring a civil action . . . without prepayment of fees . . . , in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined."

his in forma pauperis motion.

**SCREENING**

Because Mr. Nellum is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. 1915A(a) and (b).  Having screened all materials filed, the court finds the complaint is subject to being dismissed for reasons that follow.

**LEGAL STANDARDS**

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution or law of the United States. . . ."  West v. Atkins, 487 U.S. 42, 48 (1988); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992).  A pro se complaint must be given a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, a broad reading of the complaint does not relieve the plaintiff of the burden of alleging sufficient facts to state a claim on which relief can be based.  Id.  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**DISCUSSION**

The court finds that plaintiff fails to allege sufficient

facts to support a claim of federal constitutional violation. Plaintiff states only in the most general terms that he has been subjected to harassment, discrimination, retaliation, cover-ups, lying, and denial of information. However, he does not name any particular defendant and describe acts taken by him personally which resulted in any of this alleged mistreatment. Nor does he provide dates or circumstances when the named defendants took any unconstitutional actions. Plaintiff is seeking money damages from certain individuals, and must allege sufficient facts indicating they personally took actions to deprive him of a federal constitutional right. Plaintiff will be given time to provide additional facts to support a claim of federal constitutional violation. If he does not provide such additional facts within the time allotted, this action may be dismissed without further notice.

Taking away plaintiff's bald allegations of harms, like discrimination and harassment, his claims boil down to (1) his disgruntlement at being denied work release or a position as trustee at the jail; (2) his disgruntlement with being transferred to a different module and jail following an April 2006 disciplinary action ; and (3) his disagreement with county authorities that what occurred in his "first appearance" in Shawnee County District Court satisfied the alleged requirement that charges be filed within 72 hours after arrest.

With respect to his first claim, plaintiff has no federal constitutional right to participate in a work release or trustee program at a county jail. Thus, his factual allegations that jail authorities have denied his repeated requests to be accepted into these programs, even taken as true, do not entitle him to relief

4

under 42 U.S.C. 1983. Plaintiff alleges no facts showing the decisions of the jail administration were either arbitrary or capricious. To the contrary, his own exhibits indicate the administrative decisions in his case have had a rational basis[2]. The decision as to whether or not a particular jail inmate should be allowed to participate in a work or trustee program is a matter within the discretion of jail authorities. Plaintiff's allegations of discrimination are not supported by the naming of any similarly situated inmates who have been accepted into these programs despite prior work-related incidents. Nor is plaintiff alleged to be a member of a suspect class or the victim of race-based animus. In any event, in his application for in forma pauperis status, plaintiff alleges he is now employed and being paid as "floor crew." It follows that plaintiff does not state facts based upon denial of work programs in support of a claim for either monetary or injunctive relief.

  Plaintiff's second claim, that he was placed in S-module

---

[2]  Plaintiff exhibits his inmate request asking to be allowed to work and be a trustee. Jail administrators responded that he would be considered at a later time. In other inmate requests, plaintiff complained of being removed from O-Mod, and generally claimed cover-up, harassment, discrimination, subtle threats, and withholding of information. He was informed he was mistakenly placed in O-Mod, when he had not been cleared to work, and that his prior disciplinary action was considered. He was advised to be more specific about his claims, and informed he was not approved to be a trustee. Thus, plaintiff was notified that his prior misconduct is the basis for the denials, and that his future conduct will be reviewed to determine whether or not he may eventually re-enter such programs.
  On July 24, 2007, Major Kendall responded to plaintiff's grievance:
> I've talked to Maj. Cole. We both agree that due to your past behavior and conduct you will not be considered for the trustee program or the work release program. The incidents that you have been involved in I consider to be too severe for you to be a trustee at this time. Maybe at a later date, when you've shown that you have changed your status can be reconsidered."

  In a "final response" of July 27, 2007, defendant Cole stated:
> In reference to your trustee status, you have not been approved to be a trustee. Due to your actions in 2006, you are not suitable to be a trustee.

without a fair hearing and transferred to another jail to serve his time in S-module, likewise presents no claim of a violation of due process. The U.S. Constitution does not require hearings in connection with transfers whether or not they are the result of the inmate's misbehavior. <u>Montanye v. Haymes</u>, 427 U.S. 236, 242 (1976). Plaintiff alleges the investigating officer refused to present "the evidence" at the hearing or let the hearing officer review it[3]. However, the notice of decision exhibited by plaintiff contains the hearing officer's statement that he heard and considered the investigating officer's findings. It thus appears from the portion of the record provided by plaintiff that there was at least "some evidence" of his guilt[4]. <u>See</u> <u>Superintendent, Mass. Correctional Inst., Walpole v. Hill</u>, 472 U.S. 445, 454-56 (1985). Plaintiff's claims that he was treated unfairly by being transferred to another facility "under false accusations and discrimination," and that "the administration" ignored a cover-up are completely conclusory. It is well settled that an inmate has

---

[3] Plaintiff asked in an inmate request for copies of his disciplinary records for the last two years showing why he was in S-Mod, "especially the incident where (he) was transferred to another county jail to do (his) S-Mod time." He specifically asked for a copy of a disciplinary report from 16 months ago, showing the charge, the altercation with the officer, and the punishment. Defendant Cole provided a "final response" on July 27, 2007:
   . . . [Y]ou were directed to request the disciplinary action and hearing information from Records. These forms are available at a cost. The fee will be deducted from your inmate account. These are the only forms available to you. You will not receive any investigative reports.

[4] Plaintiff's exhibits include an incident report, which indicates he was charged with engaging in unauthorized activities (Familiarity) with staff on April 5, 2006, after engaging "in similar behavior in the past;" and lying about his involvement. The reporting officer was Matthew Biltoft. Plaintiff's other exhibits indicate a disciplinary hearing was conducted in S-Mode on April 10, 2006, and "an interview with SGT Biltoft," the "reporting and investigating officer," on the following day "revealed" overwhelming evidence supporting the disciplinary report. Plaintiff was found guilty and received 60 days "DSLD in special housing."

no right to choose his place of incarceration and may be transferred for any or no reason. Robinson v. Benson, 570 F.2d 920, 923 (10th Cir. 1978); see Olim v. Wakinekona, 461 U.S. 238, 245 (1983) (inmate has no constitutional right to be confined in any particular facility); See Hewitt v. Helms, 459 U.S. 460, 468 (1983)(Prisoners have no right under the Federal Constitution to any specific classification or housing assignment); Templeman v. Gunter, 16 F.3d 367, 369 (10th Cir. 1994)("Changing an inmate's prison classification ordinarily does not deprive him of liberty, because he is not entitled to a particular degree of liberty in prison.").

Plaintiff's third claim, that he is being illegally confined because state charges against him were not timely filed and should have been dismissed[5], is in the nature of a habeas

---

[5] Plaintiff may be attempting to assert that county authorities failed to provide him with a prompt judicial determination of probable cause for a warrantless arrest in violation of his rights under the Fourth and Fourteenth Amendments. See Gerstein v. Pugh, 420 U.S. 103, 113 (1975); County of Riverside v.McLaughlin, 500 U.S. 44, 47, 56 (1991)(The U.S. Supreme Court has held that "the Fourth Amendment requires a prompt judicial determination of probable cause as a prerequisite to an extended pretrial detention following a warrantless arrest."); K.S.A. 22-2901(1)(If an arrest has been made without a warrant, the person arrested "shall be taken without unnecessary delay before the nearest available magistrate and a complaint filed forthwith."). If so, he does not allege sufficient facts in support of such a claim including that his arrest was without a warrant, or that the filing of formal charges or the issuance of the arrest warrant were unreasonably delayed in his case. As the Supreme noted, Gerstein permits States to incorporate probable cause determinations into other pretrial procedures, and some delays are therefore inevitable. McLaughlin, 500 U.S. at 55. Significantly, plaintiff's own exhibits indicate he was taken before a judge on Friday, June 1, 2007, after his arrest the preceding day, and the "judge found cause to hold" him and set bond.
Plaintiff has attached exhibits to his complaint, apparently to support his claim that he is being illegally detained. One is a Petition for Writ of Habeas Corpus filed by him in the District Court of Shawnee County, Kansas, on June 7, 2007, in which he claimed he was being held in the Shawnee County Jail beyond "the 72 hour deadline" without charges. He asserted a denial of due process and requested immediate release. Plaintiff also attaches 21 "inmate requests" submitted by him at the jail between June 2, and August 13, 2007. In his "inmate request" submitted on June 5, 2007, Mr. Nellum complained he was being held illegally without charges. The exhibit includes the following administrative response:
"You went to 1st App. on Friday and your case was reviewed w/ 72 hours. The Judge found cause to hold you and gave you a bond. You went back to 1st App. today and you are being held lawfully."

corpus claim.  Preiser v. Rodriquez, 411 U.S. 475 (1973); see also, Gertstein, 420 U.S. at 107 FN6.  Moreover, it appears that plaintiff has not yet been tried on the state charges and that he is represented by counsel.  The federal court is barred for reasons of comity from interfering with ongoing state prosecutions under the doctrine explained in Younger v. Harris, 401 U.S. 37 (1971); Parkhurst v. Wyoming, 641 F.2d 775, 777 (10th Cir. 1981).  In addition, any challenge to state charges and confinement thereunder cannot be considered by this court until all remedies available in the state courts have been properly and fully exhausted.  28 U.S.C. 2254(b)(1).  Furthermore, a claim for money damages based upon allegations of illegal confinement is premature unless and until the state process or conviction underlying the confinement has been invalidated through proper procedures.  Heck v. Humphrey, 512 U.S. 477, 487 (1994).  In short, plaintiff must present his claims to the trial court, and if not satisfied, to the state appellate courts before they may be considered in federal court.

In his complaint, Mr. Nellum improperly names the State of Kansas; and the "District Attorneys Office" as defendants.  The State of Kansas and a county attorney's office are not "persons" amenable to suit for money damages under 42 U.S.C. § 1983.  A Section 1983 lawsuit may be brought against "persons" acting under color of state law, not the State, a county agency, or an entity.  Moreover, the State and its agencies are immune from suits for money damages.  Likewise, county attorneys are immune to suits for money damages for acts taken by them in prosecuting criminal cases.  Thus, District Attorney Robert Hecht and Assistant District Attorney Patrick McCowan are subject to being dismissed from this

8

suit due to their immunity.

**OTHER MOTIONS**

Plaintiff has filed a "Motion of Entry of Appearance" (Doc. 4) in which he requests to be present at all hearings and depositions of possible witnesses, to be immediately notified of any action herein, and that the U.S. Marshal be ordered to transport him to and from any court proceedings. This motion is unnecessary and will be denied, without prejudice. Litigants are immediately notified by the clerk of the court as well as adverse parties of actions taken in their cases. Matters related to discovery and transportation for hearing will be determined when and if discovery or hearings are set.

Plaintiff has also filed a Notice (Doc. 5) of his intent to request issuance of a subpoena, and a Motion for this court to issue subpoenas (Doc. 6). These attempts at discovery are premature, and shall be denied without prejudice. Discovery matters will be determined during pretrial proceedings, if this action survives screening.

Plaintiff's two pleadings entitled "Petition for Relief" (Docs. 7 & 8) are nothing more than supplements to his complaint stating relief he requests, and have been considered as supplements. Plaintiff cites no authority for this court to require that defendants pay the filing fee in this civil rights action, and must prove his cause of action before seeking costs.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to submit to the court a copy of his inmate

account statement as required by 28 U.S.C. 1915(a)(2), and to show cause why this action should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that plaintiff's "Motion of Entry of Appearance" (Doc. 4), and Motion for issuance of subpoenas (Doc. 6) are denied, without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's "Petition(s) for Relief" (Doc. 7 & 8) are treated as supplements to the complaint.

**IT IS SO ORDERED.**

Dated this 18th day of September, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge